WATERBURY *v.* O'BRIEN.

CONTRACTS—EVIDENCE—SUFFICIENCY.

> Where a decedent was indebted to a liveryman for boarding a horse, and his sister paid the claim, and the liveryman continued to board the horse, and sued the sister therefor on an alleged contract with her, a continuation of the account in the name of the decedent was not so inconsistent with the theory of a contract with the sister as to warrant the reversal of a judgment against her on such contract.

Error to Kalamazoo; Buck, J. Submitted November 14, 1900. Decided January 29, 1901.

*Assumpsit* by Joel Waterbury against Mary M. O'Brien for the board of a horse. From a judgment for plaintiff, defendant brings error. Affirmed.

*William A. Luby*, for appellant.

*Frank E. Knappen*, for appellee.

HOOKER, J. The plaintiff was proprietor of a livery and boarding stable, and had furnished livery to and boarded a horse for one Dr. O'Brien, and at the time of the latter's death had a claim against him amounting to a little over $40. Dr. O'Brien died March 2, 1899, unmarried and without issue, his nearest relatives being his father and two sisters, one of whom is the defendant. In the early part of May following, the defendant called upon the plaintiff, and ascertained the amount of the plaintiff's claim, which had by that time been increased by the board of the horse, and paid $45 upon it. At that time an arrangement was made for the continuance of the boarding of the horse, plaintiff claiming that he contracted with her, and that she promised to pay it, while upon the trial at circuit, if not before, she claimed that she made no such

contract, and that the horse fell to her father upon the death of Dr. O'Brien, and that she paid the money and made the arrangement for him. Subsequently she made a payment of $25.

The court left the question of fact to the jury, who returned a verdict for the plaintiff, and the defendant has brought error. The testimony is all returned, from which it conclusively appears that the entire amount of Dr. O'Brien's debt was paid. Being dead, it can hardly be said that any further charge could be made against him, and, though the account was continued under his name, that fact is not necessarily inconsistent with the plaintiff's claim that he had contracted with Mary O'Brien. The jury has put the question beyond controversy. Numerous errors are assigned, most of which pertain to the charge. We have examined them all, and find no error in them; but, as a discussion of them would be of little value to the profession, we omit it.

The judgment is affirmed.

The other Justices concurred.